IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BEVERLY B.[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 3:24-cv-00224-CL

**OPINION AND ORDER**

MARK D. CLARKE, Magistrate Judge.

Plaintiff Beverly B. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claims for supplemental security income benefits. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) For the reasons provided below, the Commissioner's decision is AFFIRMED.

**PROCEDURAL BACKGROUND**

On June 30, 2021, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning on December 5, 2020. Tr. 179-88. The claim was denied

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 - Opinion and Order

initially and on reconsideration. Tr. 50, 58. Plaintiff requested a hearing before an administrative law judge and appeared before ALJ Paula Martin on April 12, 2023. Tr. 39-49. Plaintiff, represented by her attorney, and a vocational expert testified at the hearing. Tr. 39-49. The ALJ found Plaintiff not disabled in a written decision issued April 19, 2023. Tr. 16-31. The Appeals Council denied review on November 29, 2023, making the ALJ's decision the final agency decision. Tr. 1-6. Plaintiff's timely appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 47 years of age on her alleged onset date and has a tenth-grade education. She has no past relevant work. Tr. 26. She alleges disability due to narrow angle glaucoma and optic nerve disc drusen. Tr. 51.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity"? 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2 - Opinion and Order

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

   a. The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir.

3 - Opinion and Order

1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2021, the date of her application. Tr. 21. At step two, the ALJ found that Plaintiff had one severe impairment: glaucoma. Tr. 21. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 23. The ALJ found that Plaintiff had the RFC to perform light work with the following additional limitations:

> [she] can never climb ladders, ropes, or scaffolds; can frequently climb ramps and stairs; can tolerate no exposure to hazards such as unprotected heights and heavy machinery; can have no driving as part of the job duties; cannot read print smaller than 18 font; cannot handle small objects that are less than three inches.

Tr. 23. At step four, the ALJ determined that Plaintiff has no past relevant work. Tr. 26. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite her impairments, including such representative occupations as: housekeeper and food sorter. Tr. 26. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 27.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

If the decision of the Appeals Council is the final decision of the Commissioner, this Court must review the decision of the Appeals Council to determine whether that decision is supported by substantial evidence. *Howard v. Heckler*, 782 F.2d 1484 (9th Cir. 1986). Where the evidence before the ALJ or Appeals Council is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse the

5 - Opinion and Order

Commissioner's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues that remand is warranted because the ALJ failed to resolve a conflict between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"). At step five, the ALJ must determine whether a claimant, given their limitations, age, education, and experience, can perform occupations that "exist in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(1). A VE provides evidence at a hearing that aids the ALJ in this determination. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022); SSR 00-4p. VEs are "professionals who, through their training and experience, have 'expertise and current knowledge of working conditions and physical demands of various jobs; knowledge of the existence and numbers of those jobs in the national economy; and involvement in or knowledge of placing adult workers with disabilities into jobs.'" *Id.* (quoting *Biestek*, 587 U.S. at 100 (quotations and alterations omitted)). In accordance with the regulations, an ALJ may rely on a VE's testimony to support a finding that a claimant can perform occupations that exist in

6 - Opinion and Order

significant numbers in the national economy. *Id.*; *see also* 20 C.F.R. §§ 416.960(b)(2), 416.966(e); *Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020).

At the hearing, the ALJ proffered a hypothetical to the VE limiting Plaintiff to performing light work with the additional limitation of no handling of objects that are less than three inches. Tr. 47. The VE acknowledged that, although this added limitation significantly reduced the number of jobs available, there were still jobs that existed in significant numbers in the economy that Plaintiff could perform. Tr. 47-48. The VE then identified two representative positions for the ALJ to consider—that of housekeeper, with 193,000 estimated jobs, and food sorter, with 5,000 estimated jobs. Tr. 46-47. Both occupations are listed in the DOT. The ALJ subsequently asked the VE whether her testimony was consistent with the DOT, to which the VE answered in the affirmative, noting that there were "[j]ust a few things that [we]re not covered" by the DOT, including the handling of small objects. Tr. 48. The VE clarified that for those points that were not addressed in the DOT, she had "relied on [her] professional training, experience working as a vocational rehabilitation counselor." Tr. 48.

Plaintiff on review argues that the position of housekeeper is inconsistent with the limitation to handling objects no smaller than three inches. Pl. Br. at 5. Plaintiff points out that the duties of housekeeper listed in the DOT require a person to perform a variety of tasks, including to sort, count, fold, mark, or carry linens; make beds; replenish supplies, such as drinking glasses and writing supplies; check wraps and render personal assistance to patrons; move furniture, hang drapes, and roll carpets.[2] According to Plaintiff "it seems clear that the position would require some amount of handling small objects." Pl. Br. at 5. Upon this

---

[2] See https://occupationalinfo.org/32/323687014.html.

7 - Opinion and Order

supposition, Plaintiff argues that the ALJ failed to resolve an inconsistency between the VE's testimony and the DOT, and the position of housekeeper should thus be removed from the step five calculus. Pl. Br. at 5. This argument fails, however, as the ALJ properly inquired into and resolved any inconsistencies between the VE's testimony and the DOT.

The regulations require an ALJ to resolve any inconsistency or conflict between the DOT and the VE's testimony. *See* SSR 00-4p[3] (At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency). Consequently, an ALJ may not rely on the testimony of a VE "without first inquiring whether that expert's testimony conflicts with the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1150 (9th Cir. 2007).

Here, the hearing transcript shows that the ALJ inquired if there was any conflict between the VE's testimony and the DOT, to which the VE responded that there was no conflict. Tr. 48. The VE then clarified that regarding such topics not covered by the DOT, including the limitation to handling objects no smaller than three inches, the VE relied on her professional expertise to supplement the DOT. Tr. 48. Given that the VE identified the gaps between the DOT's job requirements and the limitations put forth in the hypothetical, and then explained how she accounted for those gaps, it was appropriate for the ALJ to rely on the VE's testimony. Indeed, Ninth Circuit case law instructs that a VE's testimony about whether a claimant can perform occupations that exist in significant numbers in the national economy is inherently reliable. *See, e.g., Ford*, 950 F.3d at 1160 (9th Cir. 2020) (noting that "in the absence of any

---

[3] On January 6, 2025, the Social Security Administration rescinded and replaced SSR 00-4p with SSR 24-3p. As this action was pending in the courts at the time of rescinding, this Court must apply the old rules in evaluating this claim. *See* SSR 24-3p, 89 Fed. Reg. 97158, January 6, 2025.

8 - Opinion and Order

contrary evidence, a [vocational expert's] testimony" is "inherently reliable" and an ALJ may rely on such testimony to support his step five finding) (quoting *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017)). The Ninth Circuit has indicated that the mere act of inquiring whether a conflict exists is sufficient evidence for a step-five finding. *See Kilpatrick*, 35 F.4th at 1195 (finding no error where the ALJ found the VE's testimony consistent with the DOT after "specifically ask[ing] the VE whether his testimony conflicted with the DOT, and [the VE] confirmed it did not"). Plaintiff in this case has offered no evidence to contradict the testimony of the VE, nor has Plaintiff offered any evidence that the position of housekeeper is inconsistent with the limitations proffered in the hypothetical. Instead, Plaintiff's attempts to manufacture an inconsistency where none exists, and without providing any evidence to support such a proposition. The Court will thus not disturb the ALJ's step five determination.

## ORDER

In sum, the ALJ properly relied on the VE's testimony when making the step five determination. For the reasons set forth above, the decision of the Commissioner is AFFIRMED.

It is so ORDERED and DATED this 20 day of February, 2024.

MARK D. CLARKE
United States Magistrate Judge

9 - Opinion and Order